IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM KABUTU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-2407-TC-KGG |
| | ) |
| ROBERT SHORT, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER ON DEFENDANT'S MOTION TO STAY
AND PLAINTIFF'S MOTION TO COMPEL**

Now before the Court is Defendant's "Motion to Stay Discovery," in which Defendant seeks a stay to all discovery "and other related Rule 26 proceedings, including the obligation to provide initial disclosures, prepare the Report of the Parties' Planning Meeting, and attend a scheduling conference, until the Court rules on Defendant's Motion to Dismiss … ." (Doc. 9.) Plaintiff's response to the motion to stay includes a motion to compel. (*See* Doc. 15, at 18-21.) Having reviewed the submissions of the parties, Defendant's motion to stay is **GRANTED** while Plaintiff's motion to compel is **DENIED**.

**FACTUAL BACKGROUND**

Plaintiff brings the present action pursuant to 42 U.S.C. § 1983 seeking this Court's involvement in criminal proceedings currently pending against him in the

1

District Court of Sedgwick County, Kansas.  (*See* Doc. 1.)  Defendant Short, an assistant District Attorney for Sedgwick County, is the prosecutor of that state court criminal case.  The relief sought in Plaintiff's federal court case includes a request for a declaration that the state court criminal prosecution is in "bad faith," a declaration of "abuse of process," ordering the State to release Plaintiff's cellphone … "only if Mr. Kabutu [sic] bond is revoked," enjoining Plaintiff's prosecution, and "[p]ermanently enjoin[ing] the prosecutor to restrain from prosecuting" the criminal case.  (Doc. 1, at 12.)

Defendant has filed a Motion to Dismiss (Doc. 7), currently pending before the District Court, contending subject matter jurisdiction does not exist in federal court for Plaintiff's requested relief based on the *Younger* abstention doctrine.[1]  Defendant brings the present Motion to Stay (Doc. 9) pending a decision on his

---

[1] In *Younger*, the United States Supreme Court held that federal courts must dismiss suits for declaratory or injunctive relief regarding pending state court proceedings, except under special circumstances.  *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).  *Younger* abstention applies when "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."  *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006) (citation omitted).  "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."  *Buck v Meyers*, 244 F. App'x 193, 197 (10th Cir. 2007) (citing Crown Point I, LLC., at 1215).

dispositive motion. Contained in Plaintiff's response to the motion stay is Plaintiff's motion to generally compel discovery.[2] (Doc. 15, at 18-21.)

## ANALYSIS

**I.     Motion to Stay (Doc. 9).**

"The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court." ***Toney v. Harrod***, No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *1 (D. Kan. Nov. 7, 2018) (citing ***Pet Milk Co. v. Ritter***, 323 F.2d 586, 588 (10th Cir. 1963); ***McCoy v. U.S.***, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)). That stated, Tenth Circuit has concluded that "the right to proceed in court should not be denied except under the most extreme circumstances." ***Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.***, 713 F.2d 1477, 1484 (10th Cir. 1983). Thus, the District of Kansas generally does not favor staying discovery pending a ruling on a dispositive motion. ***McCoy***, 2007 WL 2071770, at *2.

It is well-established in the District of Kansas that a discovery should not be stayed merely because a dispositive motion has been filed. ***Wolf v. United States***, 157 F.R.D. 494, 495 (D. Kan. 1994). However, there are recognized exceptions to this policy. A stay is appropriate where one or more of the following factors exist:

---

[2] Plaintiff's response brief also includes his request for a preliminary injunction. (Doc. 15, at 21-26.) The undersigned Magistrate Judge makes no ruling as to this request as requests for injunctive relief are for determination by the District Court.

"(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Arnold v. City of Olathe, Kan.*, No. 18-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019). *See also Toney*, 2018 WL 5830398, at *1; *Citizens for Objective Public Educ. Inc. v. Kansas State Bd. of Educ.*, No. 13-4119–KHV, 2013 WL 6728323, *1 (D. Kan. Dec.19, 2013). If one of these circumstances is present, a stay may be appropriate. *Wolf*, 157 F.R.D. at 495. *See also Watson v. Unified Sch. Dist. No. 500*, No. 19-1044-EFM-JPO, 2019 WL 2174132, at *1 (D. Kan. May 20, 2019).

Defendant argues that <u>all</u> of these circumstances are present – 1) he filed a motion to dismiss based on the *Younger* doctrine "that will likely require dismissal"; 2) that motion "raises an issue of law, not fact," making discovery unnecessary; 3) thus, discovery would be "wasteful and burdensome"; and 4) while no immunity defense is asserted, *Younger* abstention is "analogous to immunity for purposes of this element." (Doc. 9, at 2.) Plaintiff responds that "conditions warranting abstention are not met," discovery is relevant to the issue of the destruction of exculpable evidence, discovery will be neither wasteful nor burdensome, and Defendant is not immune from suit. (Doc. 14, at 18.)

4

Defendant replies that the issues raised by Plaintiff are irrelevant to the requested stay.  Rather, Defendant "is asking for a stay pending this Court's determination of whether the [*Younger* abstention] standard is met – a stay is appropriate during this determination, and discovery would serve no purpose in resolving the issue."  (Doc. 16, at 2.)  Defendant also argues that "[d]iscovery would intrude upon and likely prejudice the state criminal proceeding."  (*Id*.)

The undersigned Magistrate Judge does not and need "not state an opinion as to the validity of defendant's motion to dismiss … ."  ***Watson***, 2019 WL 2174132, at *2.  Rather, the Court must merely be "satisfied that the case would likely be concluded should [Defendant] prevail on [his] dispositive motion."  *Id*.  This is not in dispute.   If the District Court concludes that Plaintiff's federal court case lacks subject matter jurisdiction pursuant to the ***Younger*** abstention doctrine – which is a legal, rather than factual, issue – the present lawsuit must be dismissed with prejudice.

Defendants' dispositive motion is fully briefed and pending before the District Court.  (*See* Docs. 7, 14, 16.)  In deciding a motion to dismiss, the District Court "should consider no evidence beyond the pleadings."  ***Alvarado v. KOB-TV, L.L.C.***, 493 F.3d 1210, 1215 (10th Cir. 2007).  Because it is uncontested that the case could be resolved through the dispositive motion – for which no evidence

beyond the pleadings will be considered – the Court finds that discovery at this stage would be burdensome and wasteful.

As such, Defendant's Motion to Stay (Doc. 9) is **GRANTED** until the District Court rules on Defendant's Motion to Dismiss.  In reaching this determination, the Court makes no inference or findings as to the potential validity of the arguments raised in the dispositive motion.

**II.     Motion to Compel (Doc. 15).**

As stated above, Plaintiff's response to Defendant's motion to stay includes Plaintiff's motion to compel discovery.  (*See* Doc. 15, at 18-21.)  Plaintiff's motion does not address specific discovery requests but rather seems to request in a general manner that discovery occur.  There is no reference in the motion to actual discovery requests Plaintiff has served on Defendant, nor are there copies of such discovery requests attached to the motion as required by D. Kan. Rule 37.1.

As indicated by Defendant, "[d]iscovery … has not commenced so there is nothing to compel."  (Doc. 16, at 2 (citing Fed.R.Civ.P. 26(d).)  Defendant then correctly asserts that Plaintiff has not complied with the meet and confer requirements of Fed.R.Civ.P. 37(a)(1).  *See also* D. Kan. Rule 37.2.  For these reasons, Plaintiff's motion to compel (Doc. 15) is **DENIED**.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay (Doc. 9) is **GRANTED** and Plaintiff's Motion to Compel (Doc. 15, at 18-21) is **DENIED.**

IT IS SO ORDERED.

Dated this 13th day of October, 2021, at Wichita, Kansas.

s/ Kenneth G. Gale
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE