IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

W<small>ILLIAM</small> K<small>ABUTU</small>,

   *Plaintiff*,

vs.          Case No. 21-2407-EFM

R<small>OBERT</small> S<small>HORT</small>,

   *Defendant*.

**MEMORANDUM AND ORDER**

Facing a state first degree murder charge in the death of his minor son,[1] Plaintiff William Kabutu brings the present 42 U.S.C. § 1983 action against the lead prosecutor, Sedgwick County Assistant District Attorney Robert Short. In a separate action,[2] Plaintiff has sued a Wichita Police Department detective involved in investigating the July 7, 2020 death. In the present action, Plaintiff asks that the Court enjoin the Sedgwick County prosecution, which he contends is occurring in "bad faith" and

---

[1] *State v. Kabutu*, No. 2020-CR-001413 (Sedgwick County).

[2] *Kabutu v. Chisholm*, No. 21-2340-EFM-KGG (D. Kan.).

reflects an "abuse of process." Defendant has moved to dismiss the action for lack of subject matter jurisdiction pursuant to *Younger v. Harris*.[3]

## I. Factual and Procedural Background

In his Complaint, Kabutu claims that Wichita Police unlawfully seized his cellphone, which they subsequently accessed by a fraudulent search warrant. He alleges that the police accessed his cellphone several times. He states that he has had at least five attorneys in the criminal action, but they have frequently ignored his requests to secure the return of the cellphone. According to the Complaint, the state court has refused to consider his *pro se* motions because he is represented by counsel.

Kabutu also alleges that the Wichita Police deleted information from his Google account without his permission, in violation of the Fourteenth Amendment. He argues his Sixth Amendment rights have been violated both by his defense counsel in the criminal action, and by the Wichita City Attorney's Office representing Defendant in the *Chisholm* action. He also generally alleges that the police fabricated evidence and committed perjury. Finally, he alleges that the state prosecution violates unspecified statutes of limitations.

---

[3] 401 U.S. 37 (171).

## II. Legal Standard

"*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could be adequately sought before the state court."[4] *Younger* abstention applies when "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."[5]

"Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."[6] Extraordinary circumstances preventing abstention may arise "in case of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction."[7] "It is the plaintiff's heavy burden to overcome the bar of

---

[4] *Luper v. Board of Trustees of the Police & Fire Ret. Sys. of Wichita, Kan.*, 2016 WL 5394748, *3 (D. Kan. 2016) (citation omitted).

[5] *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006) (quoting *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

[6] *Buck v Meyers*, 244 F. App'x 193, 197 (10th Cir. 2007) (citation omitted).

[7] *Amanatullah v. Colorado Bd. of Med. Exam'rs*, 187 F.3d 1160, 1165 (1999) (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

3

*Younger* abstention by setting forth more than mere allegations of bad faith or harassment."[8]

### III. Analysis

The elements of *Younger* abstention are present and preclude the Court from exercising jurisdiction over Plaintiff's claims. First, there is an ongoing criminal action against the Plaintiff in state court., which has yet to be resolved by final appeal. For purposes of *Younger* abstention, a proceeding is considered pending until all appellate court remedies have been exhausted.[9]

Moreover, this Court has repeatedly determined that the state district courts of Kansas are an adequate state forum to address constitutional claims.[10] Most recently, Judge Crow determined last month that *Younger* abstention applied where there was an ongoing Sedgwick County criminal action, finding that the State of Kansas has an important interest in charging the violation of Kansas laws, and the Kansas courts "provide Petitioner the opportunity to present his claims, whether through pre-trial motions, during trial, on direct appeal if Petitioner is convicted, or through post-conviction proceedings."[11]

---

[8] *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir.1997) (citation and internal quotation omitted).

[9] *Oltremari v. Kan. Soc. & Rehab. Servs.*, 871 F.Supp. 1331, 1356 (D.Kan.1994).

[10] *See McCollum v. Kansas*, 2014 WL 3341139, *5 (D. Kan. 2014); *Tinner v. Foster*, 2012 WL 1473417, *4 (D. Kan. 2012).

[11] *Hambright v. Kansas*, 2021 WL 5415276, at *1 (D. Kan. 2021).

Plaintiff's conclusory and unsupported allegations of bad faith do not support a different result. "'[B]ad faith' in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction."[12] The Tenth Circuit has identified three factors courts should consider when

> determining whether a prosecution is commenced in bad faith or to harass: (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.[13]

Here there is no credible indication that the criminal prosecution has no hope of success, nor that the prosecution was motivated by a discriminatory purpose. The record does not indicate multiple prosecutions of Plaintiff. In his Response, Plaintiff simply repeats his underlying complaints of constitutional deprivations, claiming that Defendant failed to controvert these allegations in his motion. In fact, Defendant did precisely that.[14] More importantly, merely repeating a claim of constitutional deprivation will not itself constitute "extraordinary circumstances," since this would mean *Younger* abstention would be essentially a dead letter.[15]

---

[12] *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) (citing *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

[13] *Phelps*, 122 F.3d at 889.

[14] Defendant expressly prefaced his summary of the Complaint with the observation that "they [Plaintiff's claims] are just allegations—allegations to which Defendant Robert Short does not concur and are set forth here only for purposes of this Motion to Dismiss." (Dkt. 7, at 1).

[15] *See Cheatham v. Thompson*, 2021 WL 4206332, *3 (D. Kan. 2021) (refusing to find extraordinary circumstances where "there is no indication that Petitioner has faced a series of repeated prosecutions,

**IT IS THEREFORE ORDERED** that the Motion to Dismiss of Defendant (Dkt. 7) is hereby granted.

**IT IS SO ORDERED.**

This case is closed.

Dated this 14th day of December, 2021.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

that his prosecution was undertaken or continued in bad faith, or that he cannot protect his federal constitutional rights by way of the state criminal proceedings").