IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM KABUTU,

        *Plaintiff*,

vs.

Case No. 21-2407-EFM

ROBERT SHORT,

        *Defendant*.

**MEMORANDUM AND ORDER**

The Court has dismissed Plaintiff's 42 U.S.C. § 1983 claim alleging misconduct by authorities involved n his state criminal prosecution, and Plaintiff has appealed. The matter is now before the Court on Plaintiff's motion seeking an order which would toll the statute of limitations for a future claim against the Defendant. The government argues the Court lacks jurisdiction to address the motion because the matter is on appeal. "It is axiomatic that an effective notice of appeal transfers jurisdiction from the district court to the court of appeals."[1]

Plaintiff argues in reply that the Court should at least issue an indicative decision under Fed. R. Civ. Pr. 62.1(a). The Rule provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

---

[1] *Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1229 (10th Cir. 1998).

>   (1)  defer considering the motion;
>
>   (2)  deny the motion; or
>
>   (3)  state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

However, this is not an action in which the Court originally had jurisdiction but was subsequently deprived of it by the filing of a Notice of Appeal. Rather, as noted in the Order of December, 2021, because Plaintiff's action seeks to restrain an ongoing state criminal prosecution, the Court never had proper subject matter jurisdiction in the first place, and the action is subject to mandatory abstention under *Younger v. Harris*.[2]

To add to this double lack of jurisdiction, Plaintiff has supplied no authority for a court to preemptively and prospectively toll a statute of limitation for a claim that it lacks the present jurisdiction to entertain. Here, Plaintiff claims that the limitations period should be equitably tolled because the state seized his cell phone "under a fraudulent search warrant." But equitable tolling "is a fact intensive inquiry that depends on the totality of the circumstances present in a particular case."[3] The Court cannot resolve a factual dispute where it has no jurisdiction to even hear the underlying case.

An indicative ruling under Rule 62.1 is discretionary,[4] and given the circumstances noted above, the Court declines to issue such a ruling. Plaintiff's motion will be denied for lack of jurisdiction.

---

[2] 401 U.S. 37 (1971).

[3] *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017).

[4] *Mandalapu v. Temple Univ. Hosp.*, 796 Fed. App'x 152, 153 (3d Cir. 2020); *Castro v. United States*, 2020 WL 6121220, at *1 (N.D. Tex. 2020); *Optum, Inc. v. Smith*, 353 F.Supp.3d 127, 129-30 (D. Mass. 2019).

**IT IS THEREFORE ORDERED** this day of June, 2022, that the Plaintiff's Motion to Toll Time (Doc. 27) is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated this 21st day of June, 2022.

*/s/ Eric F. Melgren*
ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE